IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-03345-RBJ

VICKY NO GIVEN NAME,

       Petitioner,

v.


JUAN BALTAZAR, et al.,
in their official capacities,

       Respondents.

---

## ORDER

---

This matter comes before the Court on petitioner Vicky No Given Name's ("petitioner" or "Vicky") "Second Application for a Writ of Habeas Corpus" ("Petition"), ECF No. 1, and "Motion for Temporary Restraining Order" ("Motion"), ECF No. 5.

The Court hereby ORDERS that respondents shall not transfer petitioner outside the District of Colorado or remove him from the United States during the pendency of these proceedings. The Court further ORDERS that respondents shall file a response to the Petition within 14 days of service of this Order.

1

Petitioner is a 24-year-old Indian national who is currently detained at Denver Contract Detention Facility in Aurora, Colorado. He entered the United States without inspection on or about December 30, 2021. ECF No. 1 at 6. Two weeks after his arrival, he applied for asylum and withholding for removal with USCIS. *Id.* (Ex. A). He has since applied for employment authorization which was approved in 2022. *Id.* (Ex. B).

He was arrested on May 14, 2026, during a traffic stop. *Id.* at 7. On May 15, 2026, he was placed into removal proceedings by way of a Notice to Appear (NTA). *Id.* He filed his first habeas petition on May 27, alleging that his detention should be governed by 8 U.S.C. § 1226(a) rather than § 1225(b)(2)(A). *FNU Vicky v. Baltazar,* No. 26-cv-02336-TPO (D. Colo. July 2, 2026). On July 2, Magistrate Judge O'Hara granted his petition and ordered respondents to provide Vicky with a bond hearing, at which the burden of proof shifted to the government to justify his continued detention. He received that bond hearing on July 9, and the immigration judge denied him bond. Looking ahead, he is scheduled for an EOIR individual calendar hearing in the afternoon on August 12, 2026. ECF No. 1 (Ex. C).

The present petition challenges the July 9 bond hearing. Petitioner alleges that that hearing was constitutionally deficient in several respects: he was not provided with continuous access to an interpreter during the hearing; the immigration judge offered minimal reasoning for his decision to deny bond;

2

petitioner was not given a meaningful opportunity to rebut the government's arguments. In other words, petitioner argues that the July 9 bond hearing was inconsistent with what Magistrate Judge O'Hara contemplated in his July 2 Order and his due process rights.

To protect the status quo and preserve this Court's jurisdiction, the Court hereby enjoins respondents from removing petitioner from the United States or transferring him out of Colorado unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this order or the case is terminated.

At this time, the Court takes no action with respect to the remainder of the relief sought in the Motion or the Petition. The Court respects the urgency of a petitioner's allegations, as well as the expedited nature of habeas proceedings. Nevertheless, these considerations must be balanced with affording respondents a reasonable time to assess the facts and legal issues from their perspective and respond appropriately.

To the extent they have not done so yet, no later than Monday, July 27, 2026, counsel for petitioner is directed to: (1) serve respondents with a copy of the Petition along with a copy of this Order, by email and overnight mail; and (2) promptly file proof of such service on the docket. Counsel for respondents shall promptly enter notices of appearance, and, within 14 days of service, respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted by releasing

3

petitioner.  *See Yassine v. Collins*, 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. Jul. 7, 2025) (explaining that while 28 U.S.C. § 2243 refers to a three-day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself and granting respondents a 14-day deadline to respond) (internal citations omitted).

It is SO ORDERED.

Dated: July 24, 2026                         BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge

4