IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-03345-RBJ

VICKY,

Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

Respondents.

---

# ORDER

---

Before this Court is Vicky's ("petitioner") Second Application for a Writ of Habeas Corpus ("Petition"), ECF No. 1, and Motion for Temporary Restraining Order ("TRO"), ECF No. 5. Petitioner seeks an order declaring his current immigration detention unlawful and requiring respondents to release him immediately. ECF No. 1 at 22; ECF No. 5 at 2. Respondents decline to file an opposition brief and indicate that if the Court grants the Petition, the appropriate relief would be an order for a bond hearing or for petitioner's release. ECF No. 5 at 2.

For the reasons set forth below, the Court agrees that Vicky's continued detention is unlawful and orders his release.

**I. Background**

Petitioner is a 24-year-old Indian national who is currently detained at the Denver Contract Detention Facility in Aurora, Colorado. He entered the United States without inspection on or about December 30, 2021. ECF No. 1 at 6. Two weeks after his arrival, he applied for asylum and withholding of removal with USCIS. *Id.* (Ex. A). He has since applied for employment authorization which was approved in 2022. *Id.* (Ex. B).

Vicky was arrested on May 14, 2026, during a traffic stop. *Id*. at 7. On May 15, 2026, he was placed into removal proceedings by way of a Notice to Appear (NTA). *Id.* He filed his first habeas petition on May 27, alleging that his detention should be governed by 8 U.S.C. § 1226(a) rather than § 1225(b)(2)(A). *FNU Vicky v. Baltazar,* No. 26-cv-02336-TPO (D. Colo. July 2, 2026). On July 2, Magistrate Judge O'Hara granted his petition and ordered respondents to provide Vicky with a bond hearing, at which the burden of proof shifted to the government to justify his

continued detention. He received that bond hearing on July 9, and the immigration judge denied him bond.

Petitioner challenges the July 9 bond hearing. Petitioner alleges, among other things, that the hearing was constitutionally deficient and inconsistent with what Magistrate Judge O'Hara contemplated in his July 2 Order. I agree.

## II. Discussion

After reviewing the Petition, TRO, and respondents' response, I find that Vicky's custody hearing did not comport with due process. "[D]ue process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." *Jackson v. Indiana*, 406 U.S. 715, 738 (1972). In this context, due process requires adherence to the procedural safeguards governing the bond determination.

Here, the IJ held a hearing of only a few minutes in length and denied release. She did, to her credit, then issue a short, written order explaining (minimally) her decision. But in that order, she revealed that she had applied an incorrect burden of proof, not the burden of proof ordered by the court. Despite Magistrate Judge O'Hara's order directing the government to prove danger or flight risk by *clear and convincing evidence*, the IJ denied petitioner bond because "DHS [] established *by a preponderance of the evidence that Respondent present[ed] a risk of flight*." *See* ECF No. 1-1 at 72-73 (emphasis added). Other judges in this District have likewise

concluded that an IJ's failure to apply the required burden of proof violates due process. *See, e.g.*, *Mejia v. Baltazar*, No. 26-cv-00385-NYW-TPO, 2026 WL 1361514 (D. Colo. May 15, 2026) (finding that the immigration judge's failure to apply the required evidentiary standard violated the court's specific order and due process requirements); *Torres v. Baltazar*, No. 26-cv-03265-CNS (D. Colo. Aug. 6, 2026) (same); *Garcia v. Baltazar*, No. 26-cv-2713-RMR, 2026 WL 2240137 (D. Colo. Aug. 4, 2026) (same); *Jeantinord v. Mullin,* No. 26-cv-2487-RMR, 2026 WL 2224658 (D. Colo. Aug. 3, 2026) (same).

Because the IJ applied the incorrect burden of proof, the bond hearing did not comply with Magistrate Judge O'Hara's order and therefore did not provide the due process ordered by the court.

## III. Release is the Appropriate Remedy

The Court now turns to the appropriate relief. "Federal district courts have broad equitable powers in ordering habeas relief." *Munoz Teran v. Bondi*, No. 25-cv-01218-KWR-SCY, 2026 WL 161527, at *6 (D.N.M. Jan. 21, 2026) (internal citation omitted). And in issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. 2243.

Courts have approached habeas petitions involving deficient bond hearings differently. Some have ordered a second bond hearing. *See, e.g.*, *Arredondo v.*

*Baltazar,* No. 1:25-cv-03040-RBJ, ECF No. 26 at 15, 2025 U.S. Dist. LEXIS 279299, at *10 (D. Colo. Dec. 18, 2025); *Bayani v. LaRose,* No. 26-cv-00266-JES-VET, 2026 WL 1270059, at *8 (S.D. Cal. May 8, 2026); *Castillo v. Field Off. Dir. Of Enf't & Removal Operations,* 2025 WL 4689387, at *7 (S.D. Fla. Dec. 19, 2025); *Lopez-Perez v. Paulk,* 2026 WL 961948, at *10 (M.D. Ga. Apr. 6, 2026).

However, in this case, the Court concludes that release is the appropriate remedy. *See Quiroz Zacarias v. Mullin*, No. 26-cv-0574-WJM, 2026 WL 1092162, at *5 (ordering immediate release and recognizing that "[r]equiring [the petitioner] to undergo yet another" bond hearing "would only further insult the constitutional injury to which Petitioner has already been subjected"); *Garcia Diaz v. Mattos,* No. 2:26-cv-00926-RFB-BNW, 2026 WL 1270816, at *7 (D. Nev. May 9, 2026) (granting immediate release due to a constitutionally inadequate bond hearing).

In any event, as I have noted, respondents have acknowledged that release is an appropriate remedy in this case if the Court grants the writ. ECF No. 13 at 2.

Therefore, it is hereby ORDERED that:

1. The Petition, ECF No. 1, is GRANTED. Respondents SHALL release petitioner from detention within 48 hours of this Order. As petitioner's motion for a TRO, ECF No. 5, seeks the same relief set forth in the Petition, then to the extent that motion was not previously granted, it is now DENIED as moot.

1. Respondents MAY NOT impose additional release conditions other than those that petitioner was subject to prior to his current detention.
2. The parties WILL, within five (5) days of this Order, file a joint status report informing the Court of the status of petitioner's release.

It is SO ORDERED.

Dated: August 14, 2026

BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge